[No. 4338.]

Wheeler v. The Mineral Farm Consolidated Mining Company.

**1. Corporations—Bills and Notes—Personal Liability—Findings of Trial Court.**

Defendant who was president and general manager of two corporations purchased a large number of shares of the treasury stock of one of the corporations for which he executed a note in the name of the other corporation by himself as president. In an action upon the note, against the corporation and defendant personally, the court found that the corporation signing the note had no interest in the transaction and that defendant was the real party in interest and that he had used the name of the corporation on the note to conceal the fact that as president of the company issuing the stock he was selling to himself the stock of such company, and rendered judgment against defendant personally for the amount of the note. The evidence being sufficient to support the findings of the trial court its judgment will be sustained.

**2. Same—Indorsement of Credits.**

Where the president of two corporations executed the note of one to the other under such circumstances that he was personally liable thereon, and a credit was endorsed by him on the note consisting of items which he claimed to have paid for the benefit of the payor company, but which the assignee of the payee afterwards had to pay, a finding that the credit had been erroneously entered will not be disturbed.

**3. Corporations—Contracts—Misappropriation of Funds.**

Where the manager of a corporation to whom was delivered nearly all of the capital stock of the company in consideration of certain mining property conveyed by him to the corporation, as part of the transaction by which he acquired the capital stock of the company, agreed to sell a certain number of shares, which had been delivered to him, and to use the proceeds thereof for the benefit of the company, which offer was accepted by the com-

pany, and in accordance therewith he caused certain certificates standing in his individual name to be cancelled and reissued to him as manager of the company, such transaction constituted a valid gift of the shares to the company and he was liable to the company for a misappropriation of the proceeds thereof.

4.  **Appellate Practice—Evidence—Finding of Trial Court.**

In order to affirm a judgment the appellate court need not be entirely satisfied with the findings of the court or the verdict of the jury where the cause was tried upon oral testimony in open court, but this rule does not obtain in all its fulness where the evidence is in the form of depositions, as the reviewing court is then in as good position to determine as to the weight and sufficiency of the evidence as the trial court.

*Error to the District Court of Pitkin County.*

Mr. H. L. MCNAIR, for plaintiff in error.

Mr. WILLIAM O'BRIEN, for defendant in error.

*Per Curiam.*—This is an action for an accounting by The Mineral Farm Consolidated Mining Company against B. Clark Wheeler and The Continental Divide Mining Investment Company and The Famous Mining, Tunnel and Improvement Company. Three mining companies were doing business in Pitkin county, Colorado—The Pontiac Mining Company, The St. Joe and Mineral Farm Consolidated Mining Company, and The Champion-Empire Mining Company. The first was organized in 1890, the second in 1891, the third in 1892. For convenience they are hereinafter referred to as the Pontiac, St. Joe and Champion companies. For several years the defendant, B. Clark Wheeler, was the owner of a large majority of their capital stock, and was either manager or president, or both, of all three corporations, and the board of directors of each was named and controlled by him and acted as he directed. He lost such control in the latter part of the year 1894, and his successors organized the

plaintiff mining company, under which name the three last-named corporations were consolidated under the laws of this state relating thereto, and all the property and rights of action belonging to these companies were merged in, and became the property of, the plaintiff company.

This action was brought in February, 1895. After the issues were made the trial court sent the cause to a referee, who proceeded to take testimony, and upon the incoming of his report, after a full hearing before the court, all of the issues were found in favor of the plaintiff and against the defendant, B. Clark Wheeler, and judgment upon the findings was entered against him in a sum aggregating $45,-551.50.

This was upon three separate causes of action, or items of account, that arose out of certain transactions between Mr. Wheeler, the defendant companies, and these constituent corporations, whereby Wheeler became indebted to the latter in large sums of money. The pleadings are lengthy and the evidence voluminous. Controversy over the third item in favor of the St. Joe company, the one to which most of the evidence was directed, no longer exists, for the plaintiff in error, though protesting that the action of the court concerning it was erroneous, nevertheless, because of his anticipated difficulty in setting aside findings of fact which relate to so many transactions, has concluded on this review to abandon it. That leaves for our consideration the errors assigned to the findings and judgment of the court with reference to Wheeler's transaction with the Pontiac and Champion companies. These are best considered separately. No important questions of law are involved. If the judgment of the lower court is sustained by the evidence, this writ of error, prosecuted to reverse it, must be dismissed.

1. The ground of complaint against Wheeler in his dealings with the Pontiac company, as stated in the pleadings, is that he received from that corporation 198,109 shares of its treasury stock in pursuance of an agreement between them, by which he was to pay therefor at the rate of fifteen cents per share, and the payments were to be made as fast as money was required by the company to pay for development work it was doing upon its mining claims; and in pursuance of the agreement, and as evidence of its terms, Wheeler caused to be executed in the name of the defendant the Continental company, by himself as president and A. J. Peck as secretary, a promissory note for the sum of $29,836.35, payable to the Pontiac company, in consideration for the delivery to him by it of the stock. Upon this obligation some payments, the exact amount of which is unknown to the plaintiff, were from time to time made by Wheeler. The note was executed by Wheeler, as it is alleged, in the name of the Continental company for the express purpose of concealing the fact that he, who was the president and director and general manager of the Pontiac company, was selling to himself the stock of that company, and that the Continental company had no interest whatever in the transaction, and never authorized or purchased or had any right or power to purchase the stock, and that it was a company whose affairs were exclusively controlled by Wheeler and his relatives, and that Wheeler was the actual vendee of the stock, the real party in interest, and the obligation so given was his, and not that of the ostensible maker.

The material allegations of the complaint were denied, and proof was taken upon the issues joined and findings made in favor of plaintiff. It is now contended by plaintiff in error Wheeler that whatever obligation arose out of this transaction was that

of the Continental company, and not his; but, if he incurred thereby any individual liability, the amount of the judgment against him was excessive.

The allegation was made, and there was proof tending to support it, that Wheeler was the real party in interest in this transaction, and that the Continental company, which nominally agreed to take the stock and pay for it, had no interest whatever in the transaction, and that its name was used merely as a cloak for the purpose of concealing the real nature of the deal, which was that Wheeler was in fact the vendee.

We are not disposed to disturb the findings of the court below in favor of plaintiff, either as to these averments or as to the amount of the award. On the back of the agreement or note signed by the Continental company there was an endorsement of five thousand dollars, which was disallowed, because the court found that it had been erroneously made. It consisted of items which Wheeler claimed he had paid for the benefit of the Continental company, but it appears that the plaintiff company itself was obliged to pay, and did pay, this very sum of five thousand dollars, and it was entitled to a reduction of that amount. All of the material allegations going to make up this cause of action are supported by competent and sufficient evidence.

2. With respect to the second item of account, the complaint charges that the defendant Wheeler was the general manager of the Champion company, and by virtue of his ownership and control of a majority of its capital stock, and the further fact that the board of directors was named by him and acted in his interest, that he had full and absolute control of the affairs of the company, and that of its capital stock, which consisted of two million shares, the total issue, with the exception of a few thousand

shares, was delivered to Wheeler in consideration for the transfer by him to the company of certain interests in certain mining claims, and that as a part of this same agreement, by which virtually the entire capital stock of the company was acquired by Wheeler, he agreed, as the manager of the company, to sell five hundred thousand shares of the stock which had been delivered to him, and to use the proceeds thereof for the benefit of the company. It is alleged that Wheeler, instead of carrying out this agreement, kept and retained, sold and appropriated to his own use and benefit such shares which were of the value of not less than five cents per share.

These allegations were denied, and the evidence in support of the issues thus raised was not harmonious, but the court found in favor of the plaintiff. No controverted questions of law are really involved, but the question is purely one of fact, and it was decided in favor of the plaintiff upon conflicting evidence.

It is, however, argued by plaintiff in error that this transaction was nothing more than a naked offer upon the part of Wheeler, without any consideration, to give to the company these shares of stock; that the offer was not accepted, and the transaction was nothing more than a mere voluntary executory trust that cannot be enforced in equity. It is, however, conceded that if Wheeler, as the owner of the stock, offered to donate to the company a portion of it and actually executed the gift by transferring the stock, or clearly and unmistakably manifested an intention to effectuate a gift, he thereby parted with his property, and an action by the corporation will lie to protect, or enforce, its rights thereto.

This concession accurately states the law. We

cannot, however, agree with the contention of plaintiff in error that the gift, or offer, was not accepted. There was evidence tending to show that the company, by resolution, accepted the offer, and that there was a consideration for it.   But if the fact were otherwise as to the formal acceptance, it is shown that in pursuance of the offer Wheeler caused certain certificates of stock standing in his name as an individual to be cancelled, and new certificates to be issued to himself, as manager of the company, and that such transfers were made in accordance with an accepted offer of the gift.

The evidence in support of these two causes of action or items of account was, as already indicated, conflicting.   Under the established practice in this jurisdiction, an appellate court, to confirm a judgment, need not be entirely satisfied with the findings of the court, or the verdict of a jury, where the cause was tried upon oral testimony in open court.   The rule, however, does not obtain, at least in all its fullness, where the evidence is in the form of depositions.   The reviewing court is then in as good position as the trial court to determine as to the weight and sufficiency of evidence.   It seems that the referee made no findings, but merely summarized the evidence, and so made his report as to facilitate its examination by the court.   Certainly the evidence was ample, and legally sufficient, to support the findings upon which judgment in plaintiff's favor was rendered.   There is no question that Wheeler appropriated to his own use these shares of stock mentioned in the second item, and has failed to account to any one for them.   If they were not his, but belonged to these constituent companies, as the trial court held upon evidence which is legally competent and sufficient, and which, in our judgment, preponderates in favor of plaintiff's contention—as it also

does under the first item—the judgment rendered is correct, for plaintiff has succeeded to all their rights.

The judgment is affirmed.

*Affirmed.*